J-A02044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN W. SIBLEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BARR & MCGOGNEY LAW FIRM, GLENN D. MCGOGNEY, ESQUIRE, GERALD M. BARR, ESQUIRE | No. 174 EDA 2016 |

Appeal from the Order Entered November 30, 2015
in the Court of Common Pleas of Bucks County Civil Division
at No(s): 2011-07256-27

BEFORE: OTT, RANSOM, AND FITZGERALD,* JJ.

JUDGMENT ORDER BY FITZGERALD, J.:     **FILED January 20, 2017**

Appellant, John W. Sibley, appeals *pro se* from the order of the Bucks County Court of Common Pleas that, *inter alia*, granted summary judgment in favor of Appellee, Gerald M. Barr, Esq. Because the order appealed from does not resolve all claims against all parties, we quash.

On August 12, 2011, Appellant, acting *pro se*, commenced the underlying action by writ of summons against two attorneys, Appellee and Glenn D. McGogney, and an alleged partnership—referred to as the Barr & McGogney Law Firm ("Law Firm"). On September 2, 2011, McGogney petitioned the trial court to coordinate the instant action with a Lehigh County action. There was no indication that a court granted McGogney's

---

* Former Justice specially assigned to the Superior Court.

petition. Nevertheless, McGogney took no further action in the instant matter.

On September 23, 2011, Appellant filed a complaint against Appellee, McGogney, and Law Firm. On March 3, 2014, Appellee filed an answer and new matter. Appellee denied that he and McGogney formed Law Firm and asserted that the two-year statute of limitations barred Appellant's action.

The Honorable Ronald C. Nagle was specially assigned to the matter, and the trial court thereafter considered Appellee's motion for summary judgment and Appellant's motion for summary judgment against all defendants. Following oral arguments, the court granted Appellee's motion and denied Appellant's motion by the order dated November 30, 2015, but entered on December 11, 2015. In an extended footnote accompanying the order, the trial court intimated that McGogney remained a party in the instant litigation but did not respond to Appellant's motion for summary judgment. Order, 12/11/15, at 12. However, the court suggested that the two-year statute of limitations barred Appellant's action against "all parties." *Id.* at 12. Appellant timely appealed.[1]

It is well settled that this Court may raise issues regarding our jurisdiction *sua sponte*. *Estate of Considine v. Wachovia Bank*, 966 A.2d

---

[1] The trial court did not order the submission of a Pa.R.A.P. 1925(b) statement. Appellant's *pro se* brief contains a claim that the trial court erred in granting McGogney relief that he did not request. *See* Appellant's Brief at 32, 58-59.

1148, 1511 (Pa. Super. 2009). An appeal generally lies from a final order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

The instant order granted summary judgment in favor of Appellee and denied Appellant's motion for summary judgment as against all defendants. Despite McGogney's inaction in the matter, he remains a party, and the order appealed from did not enter judgment in his favor. Therefore, the instant order is not final. Because we discern no other basis to exercise jurisdiction in this interlocutory appeal,[2] we must quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017

---

[2] **See** Pa.R.A.P. 311 (providing for interlocutory appeals as of right), 313 (defining collateral order), 341(c) (providing for entry of final order based on express determination that immediate appeal would facilitate resolution of the entire case); **Estate of Considine**, 966 A.2d at 1511-13.